UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

KRISTINE ARUTYUNYAN,

                         Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION OF
NEW YORK STATE,

                         Defendant.

-----------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-5009 (AMD)

ANN M. DONNELLY, United States District Judge:

On August 22, 2017, the *pro se* plaintiff, Kristine Arutyunyan, filed this *in forma pauperis* complaint, alleging a violation of her civil rights and seeking damages. By Memorandum & Order dated October 18, 2017, the plaintiff's request to proceed *in forma pauperis* was granted solely for the purpose of that decision, and the complaint was dismissed for lack of subject matter jurisdiction and as frivolous. (ECF No. 5.) The Clerk of the Court entered judgment against the plaintiff on October 18, 2017. The plaintiff timely appealed the dismissal of her complaint. A mandate issued on May 22, 2018, by the United States Court of Appeals for the Second Circuit ("Second Circuit"), vacated the judgment and remanded the action to "permit [the plaintiff] to amend her complaint to name specific defendants to plead a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)" ("*Bivens*"[1]). (ECF No. 10 at 1). On May 4, 2018, the plaintiff submitted an amended complaint, which is 102 pages long.[2] I grant the plaintiff thirty days to file a second amended complaint.

---

[1] In a *Bivens* action, a private citizen may bring an action for damages against federal officers alleged to have violated a citizen's constitutional rights.

[2] The amended complaint is only the first ten pages. (ECF No. 9.) The remainder of the pleading is comprised of attachments, most of which are the record that was on appeal in the Second Circuit, (ECF No. 9 at 11-71, 73-84), but

## BACKGROUND

In her original complaint, the plaintiff alleged that she has been under "24/7 surveillance and watch" by the "F.B.I. of N.Y.S" since her arrival to the United States from Russia in October of 2007. The complaint's statement of claim reads:

> Since my first days of arrival to the U.S. in October 2007 I am a target of FBI of NYS. Being under 24/7 surveillance and watch I am not able to obtain human life, live sustainable, happy, healthy life. That effected my legal status in the country, my employment, my professional life as a future lawyer; it violated my privacy; having access to information that is only "available" to me personally and my family while communicating via emails, phone calls (regular phone, Facebook messenger, Skype, WhatsApp). It damaged my relationship with my family, caused me emotional health problems and damages.

(ECF No. 1 at 5-6).

The plaintiff filed an amended complaint on May 4, 2018, before the Second Circuit issued its May 22, 2018 mandate. In the plaintiff's amended complaint, she names four individual defendants, each of whom appear to be private citizens working in New York City businesses: Cindy Fields (Loyalty Alliance); Rebecca Barker (financial consultant at AXA Advisors); Karen Booker (President of the Bebe Group); and Douglas Chini (a lawyer). (ECF No. 9.) The plaintiff's amended complaint describes incidents involving these individuals, whom she labels "agents;" the plaintiff feels that she was being "watched," or that people around her had private information about her. The plaintiff also alleges that her Freedom of Information/Privacy Act ("FOIPA") request establishes that the FBI was watching her; however, the August 17, 2017 letter from the FBI, which she attaches to the complaint, states: "We were unable to identify main file records responsive to the FOIPA." (ECF No. 9 at 9, 89.)[3]

---

there are also new documents, including a copy of a 2017 police report regarding a May 2017 incident on the Staten Island ferry, (*id.* at 99-101), the business cards of the named defendants, Booker and Barker, (*id.* at 86), and the August 17, 2017 FOIPA letter from the FBI (*id.* at 89.) The Court has reviewed the entire submission, and applied liberal construction to its contents. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
3

2

## DISCUSSION

In my October 18, 2017 decision, I dismissed the plaintiff's original complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h)(3), and as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i). In addition, I found that the complaint did not state a claim on which relief could be granted, because (1) the plaintiff named the FBI itself as the defendant, which, like all federal agencies and the United States, enjoys sovereign immunity, and therefore cannot be sued, and (2) the plaintiff made only a general claim of surveillance in her complaint, but did not allege sufficient facts about what the surveillance was, how it was accomplished, or who did it to sustain her claim. *Cummings v. FBI NICS Section*, No. 11-cv-0892-LEK-CFH, 2014 WL 1412176, at *2 (N.D.N.Y. Apr. 11, 2014).

In her amended complaint, the plaintiff again alleges that she has been under FBI surveillance since she arrived in the United States in 2007 from Russia. She also names individual defendants; but they do not appear to be federal officials, who are properly the subject of a *Bivens* claim. According to the complaint, Douglas Chini is a lawyer in Staten Island, Karen Booker is the president of The Bebe Group in New York City, Rebecca Barker is a financial consultant at AXA Advisors in New York City, and Cindy Fields is employed at Loyalty Alliance, Inc., also in New York City. (ECF No. 9 at 3-4, 86.) Thus, the amended complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (The purpose of the *Bivens* remedy "is to deter individual federal officers from committing constitutional violations."); *Brentwood Academy v. Tennessee Secondary School Athletic Assn.*, 531 U.S. 288, 304-05 (2001) (Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983).

Nevertheless, I will allow the plaintiff thirty days to file a second amended complaint to

name proper defendants; the plaintiff must name federal officials, not private citizens, who the plaintiff claims are responsible for the alleged deprivation of her constitutional rights, and give them sufficient notice of the claims against them as required by Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8 (a)(2) (a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief"). Her amended complaint will not be sufficient if it makes "naked assertion[s]" without providing supporting factual statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, the plaintiff must allege facts sufficient to show that each individual defendant's action has violated the plaintiff's rights under the U.S. Constitution. *See Ashcroft v. Iqbal*, 556 U.S. at 676; *Haley v. Tryon*, 12 F.Supp.3d 573, 575 (W.D.N.Y. 2014) ("to establish a claim under *Bivens*, a plaintiff must plausibly allege that the individual defendant participated actively in the Constitutional violation"). Finally, the plaintiff must also state sufficient facts to allege a "tangible connection between the acts of the defendant and the injuries [the plaintiff] suffered." *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Lopez v. Quay*, No. 17-cv-2744-WFK-CLP, 2017 WL 2418267 at *1 (E.D.N.Y. June 2, 2017). In other words, the plaintiff must (1) identify and name individual *federal officials*; (2) specify the Constitutional right(s) of which each named federal official allegedly deprived her; (3) allege facts in support of the claims against each federal official (including relevant dates); and (4) allege facts about the connection between each federal official's acts and the alleged harm or injuries that the plaintiff has suffered as a result of the individual's alleged acts.

If the plaintiff cannot name the individual federal officials within the thirty days that she has to file her second amended complaint, she may nevertheless set forth the allegations against

4

those persons and designate them as "Jane Doe" or "John Doe," and provide any identifying information available to her about those individuals. If this action proceeds, the plaintiff must replace the "Jane Doe" and "John Doe" defendants with the names of the individual defendants within the three-year statute of limitations period.[4]

## CONCLUSION

The plaintiff is permitted thirty (30) days from the date of this Order to file a second amended complaint. The second amended complaint must bear the caption, "Second Amended Complaint," and have the same docket number as this Order ("17-CV-5009"). All proceedings and summonses are stayed for thirty days. If the plaintiff does not file her second amended complaint within the thirty-day period, I may dismiss the action and enter judgment against the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED:

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: June 13, 2018
Brooklyn, New York

---

[4] In a *Bivens* action, a plaintiff must identify the "John Doe" or "Jane Doe" defendants and replace them with named individuals within the three-year statute of limitations period. *See Homes v. U.S.,* No. 04-cv-7652-GBD, 2005 WL 2298159, at *n. 2 (E.D.N.Y. Sept. 20, 2005) (citing *Tapia-Ortiz v. Doe,* 171 F.3d 150-52 (2d Cir. 1999).)

5