UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KRISTINE ARUTYUNYAN,

                      Plaintiff,

        v.

CINDY FIELDS, REBECCA BARKER, KAREN
BOOKER, ROBERTA ELI, DOUGLAS CHINI,
and others,

                      Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-5009 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 17 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On August 9, 2018, the *pro se* plaintiff, Kristine Arutyunyan, filed her second amended complaint *in forma pauperis* against four private individuals seeking damages for alleged violations of her civil rights, civil liberties, and a "privacy act." (ECF No. 13 at 4.)[1] For the reasons set forth below, the plaintiff's request to proceed *in forma pauperis* is granted, and the second amended complaint is dismissed.

## BACKGROUND

On August 22, 2017, the plaintiff initiated this *in forma pauperis* action against the Federal Bureau of Investigations, alleging that she has been under "24/7 surveillance and watch" by the "FBI of NYS" since her arrival to the United States from Russia in October of 2007. (ECF No. 1 at 5.) On October 18, 2017, I dismissed the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 5.) I found that the complaint did not state a claim on which relief could be granted, because (1) the plaintiff named the FBI as the defendant, which,

---

[1] All referenced page numbers correspond to those generated by the Court's Electronic Court Filing system, and not the document's internal pagination.

like all federal agencies and the United States, enjoys sovereign immunity, and therefore cannot be sued, and (2) the plaintiff made only a general claim of surveillance in her complaint, but did not allege sufficient facts about what the surveillance was, how it was accomplished, or who did it. (ECF No. 5 at 2–5); *see, e.g., Cummings v. FBI NICS Section*, No. 11-CV-0892, 2014 WL 1412176, at *2 (N.D.N.Y. Apr. 11, 2014); *Haughton v. F.B.I.*, No. 98-CV-3418, 1999 WL 1133346, at *5 (S.D.N.Y. Dec. 10, 1999) ("Plaintiff's claims against the FBI must be dismissed on the ground of sovereign immunity."). The plaintiff then timely appealed the dismissal of her complaint. (ECF No. 7.)

While her appeal was pending, the plaintiff filed an amended complaint on May 4, 2018. (ECF No. 9.) In the plaintiff's 102-page amended complaint,[2] she named four individual defendants, each of whom appear to be private citizens working in New York City: Cindy Fields (Loyalty Alliance); Rebecca Barker (financial consultant at AXA Advisors); Karen Booker (President of the Bebe Group); and Douglas Chini (a lawyer). (*Id.* at 3–4.) The plaintiff's amended complaint described incidents involving these individuals, whom she labels "agents," her feeling that she was being "watched," and her impression that individuals around her had private information about her. (*See id.* at 7–9.)

On May 22, 2018, the United States Court of Appeals for the Second Circuit vacated the October 2017 dismissal, and remanded the action to "permit [the plaintiff] to amend her complaint to name specific defendants to plead a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)." (ECF No. 10 at 1.) After the Second Circuit's mandate, on June 13, 2018, I granted the plaintiff thirty days to file a second amended

---

[2] The amended complaint takes up the first ten pages. (ECF No. 9.) The remainder of the pleading is comprised of attachments, including the record on appeal in the Second Circuit, (*id.* at 11–71, 73–84), a copy of a police report about an incident on the Staten Island ferry, (*id.* at 99–101), the business cards of the named defendants, Booker and Barker, (*id.* at 86), and the August 17, 2017 FOIPA letter from the FBI (*id.* at 89).

2

complaint to name proper defendants. (ECF No. 11.) The order specified that: "the plaintiff must name federal officials, not private citizens, who the plaintiff claims are responsible for the alleged deprivation of her constitutional rights, and give them sufficient notice of the claims against them as required by Federal Rule of Civil Procedure 8(a)(2)." (ECF No. 11 at 4.) The Order instructed the plaintiff to: "(1) identify and name individual *federal officials*; (2) specify the Constitutional right(s) of which each named federal official allegedly deprived her; (3) allege facts in support of the claims against each federal official (including relevant dates); and (4) allege facts about the connection between each federal official's acts and the alleged harm or injuries that the plaintiff has suffered as a result of the individual's alleged acts." (*Id.*)

The plaintiff filed a second amended complaint[3] on August 9, 2018. (ECF No. 13.) In it, she names the same four private citizens she named in her amended complaint,[4] and asserts, as she has in her prior complaints, that this Court's jurisdiction is invoked because "federal civil rights statu[t]es" "civil liberties" and the "privacy act" have been violated. (*Id.* at 2–4.) The plaintiff's second amended complaint, which is seventy-two pages long, describes in more detail the problems the plaintiff has experienced since she arrived in the United States.

The thirty-six year old plaintiff emigrated from Russia to the United States on October 21, 2007 on a J-1 visa to work as an au pair. (*Id.* at 6.) The plaintiff worked as an au pair in

---

[3] The second amended complaint itself is eleven pages long. (ECF No. 13.) The remaining sixty-one pages include: the Second Circuit appellate record, the plaintiff's recent request for an extension of time, a 2018 housing court action (ECF No. 13-1 at 36–46), documents and inquiries regarding her immigration status (*id.* at 13–15, 21–33, 48–51), and medical bills and receipts (*id.* at 16–20). I have reviewed the entire submission, and liberally construed its contents. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] In the caption of the second amended complaint, the plaintiff adds "Roberta Eli . . . ," and "others" as defendants, but Roberta Eli is not identified or mentioned anywhere in the second amended complaint. (ECF No. 13 at 1.) "The Defendants" section identifies the same four individual defendants named in her amended complaint and the statement of claim mentions only one of the four defendants: Douglas Chini. (*Id.* at 4, 8.)

3

West Point, New York for one year, and had a poor experience because her employers had an "everyday negative attitude," and failed to comply with the terms of her employment. (ECF No. 13 at 6.) The plaintiff's next significant position was as part-time live-in elder care to a resident of Staten Island.[5] (*Id.* at 7.)

The plaintiff claims that she "started noticing that . . . [she] was being misinformed about everything" when she began her elder care job, and that she "got caught up in the mess and misinformation planted around [her]" (*id.*), a situation she appears to blame on the FBI. She also accuses the FBI of "unwarranted searches of the room that [she] occupied in West Point" (*id.* at 8), removing information about her immigration status from Homeland Security databases (*id.* at 9), and causing Bellevue Hospital to withhold "the exact reasons and diagnosis" for her health problems (*id.*). The plaintiff claims that she spoke with immigration, human rights, and "whistleblower" attorneys in an effort to find out why she was the "target for mental and emotional humiliation of [the] FBI." (*Id.* at 7–8.) She also alleges that she contacted the "New York Headquarters of [the] FBI" at least twice. (*Id.* at 8.) The plaintiff identifies Douglas Chini as both an FBI agent who "unofficially questioned" her (*id.*), and as a Staten Island lawyer (*id.* at 3).

The plaintiff seeks ten million dollars to compensate her for her health problems, lost time and opportunities, financial harm, "emotional and mental humiliation, [and] ruined reputation." (*Id.* at 5.)

---

[5] The plaintiff maintained that position from June 2009 until she was fired in March 2018. (*See* ECF No. 13-1 at 39–42.) She agreed in a Richmond County, New York housing court settlement to vacate her tenancy no later than August 31, 2018. (*Id.* at 36–37, 43–46.)

4

## STANDARD OF REVIEW

A court must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The plaintiff is proceeding *pro se*, so her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson*, 551 U.S. at 94; *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is "plausible on its face" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

I interpret the plaintiff's complaint to raise claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, which allows a plaintiff to bring an action against federal officials who have committed constitutional violations. 403 U.S. 388, 397 (1971); *see*

5

*also Espinoza v. Zenk*, No. 10-CV-427, 2013 WL 1232208, at *7 (E.D.N.Y. Mar. 27, 2013). In my June 13, 2018 order, I directed the plaintiff to name the federal official who she claims caused her harm. (*See* ECF No. 11.) Once again, however, the plaintiff names only private citizens as defendants. (*See* ECF No. 13 at 2–3.) While at one point she identifies Douglas Chini as an FBI agent, it appears from her pleading that he is actually a Staten Island lawyer. (*Id.* at 3.) Only federal officials are properly the subject of a *Bivens* claim. Thus, the second amended complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (The purpose of the *Bivens* remedy "is to deter individual federal officers from committing constitutional violations.").

Even if the plaintiff had named proper defendants, she has not identified the Constitutional rights that were violated, nor has she alleged sufficient facts that show how each individual defendant violated her rights under the U.S. Constitution. *See Haley v. Tryon*, 12 F. Supp. 3d 573, 575 (W.D.N.Y. 2014) ("To establish a claim under *Bivens*, a plaintiff must plausibly allege that the individual defendant participated actively in the constitutional violation") (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)). Her conclusory allegations that the FBI is watching her and destroyed any chance of success in the United States is not sufficient. *Iqbal*, 556 U.S. at 678 (A complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). Thus, the plaintiff's second amended complaint may also be dismissed on these grounds. 28 U.S.C. § 1915(e)(2)(B)(ii).

Nevertheless, given her *pro se* status, I grant the plaintiff a *final* opportunity to amend her complaint. *See, e.g., Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999);

*Estes v. Toyota Fin. Serv.*, No. 14-CV-1300, 2015 WL 222137, at *2 (E.D.N.Y. Jan. 13, 2015). The plaintiff has 30 days from the date of this Order to file an amended complaint to cure the deficiencies discussed above. (1) The plaintiff must identify and name individual federal officials, *not private citizens*. (2) She must specify the Constitutional right(s) of which each named federal official allegedly deprived her. (3) She must allege facts to support the claims against each federal official (including relevant dates). (4) She must allege facts about the connection between each federal official's acts and the alleged harm or injuries that the plaintiff has suffered as a result of the official's acts. If the plaintiff does not file an amended complaint that meets the above requirements, I will dismiss this action with prejudice; that means that I will close this case, and the plaintiff will not be able to file another amended complaint in this case.

## CONCLUSION

Accordingly, the action is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

The plaintiff must file an amended complaint within 30 days of this Order. If the plaintiff fails to file an amended complaint within 30 days of this Order, the Clerk of the Court is directed to enter judgment dismissing this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                         s/Ann M. Donnelly
                                         _____
                                         Ann M. Donnelly
                                         United States District Judge

Dated: August 17, 2018
          Brooklyn, New York