UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
KRISTINE ARUTYUNYAN,

                       Plaintiff,

        v.

CINDY FIELDS, REBECCA BARKER, KAREN
BOOKER, ROBERTA ELI, DOUGLAS CHINI,
and others,

                       Defendants.
------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-5009 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 02 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On October 24, 2018, the *pro se* plaintiff, Kristine Arutyunyan, submitted a filing that she claims is as a third amended complaint. (ECF No. 17.) Although the plaintiff notes that she "consider[s] this note as an Amended Complaint #3," the filing does not include any factual allegations. (*Id.* at 7.)[1] Instead, it simply asks the court to review the facts "mentioned throughout the filing period of the lawsuit," including the first and second amended complaints and "legal notes and attachments." (*Id.*) For the reasons set forth below, the plaintiff's request to proceed *in forma pauperis* is granted, and I interpret her most recent filing as a motion for reconsideration. The motion is denied.

## BACKGROUND

On August 22, 2017, the plaintiff initiated this action against the Federal Bureau of Investigations, alleging that she has been under "24/7 surveillance and watch" by the FBI since her arrival to the United States from Russia in October of 2007. (ECF No. 1 at 5.) On October 18, 2017, I dismissed the complaint for lack of subject matter jurisdiction and as frivolous

---

[1] All referenced page numbers correspond to those generated by the Court's Electronic Court Filing system, and not the document's internal pagination.

1

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 5.) The plaintiff appealed the dismissal of her complaint. (ECF No. 7.)[2] On May 22, 2018, the United States Court of Appeals for the Second Circuit vacated the October 2017 dismissal, and remanded the action to "permit [the plaintiff] to amend her complaint to name specific defendants to plead a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)." (ECF No. 10 at 1.)

After the Second Circuit's mandate, on June 13, 2018, I granted the plaintiff thirty days to file a second amended complaint to name proper defendants. (ECF No. 11.) The plaintiff filed a second amended complaint on August 9, 2018 naming four private citizens as defendants: Cindy Fields (Loyalty Alliance), Rebecca Barker (financial consultant at AXA Advisors), Karen Booker (President of the Bebe Group), and Douglas Chini (a lawyer). (ECF No. 13 at 2–4.) She also described in greater detail the problems she has faced since her arrival in the United States. She had several disagreements with her employers and felt that "[she] was being misinformed about everything," which she blames on the FBI. (*Id.* at 6.) She accused the FBI of "unwarranted searches of the room that [she] occupied in West Point" (*id.* at 8), removing information about her immigration status from Homeland Security databases (*id.* at 9), and causing Bellevue Hospital to withhold "the exact reasons and diagnosis" for her health problems (*id.*). The plaintiff claimed that this Court had jurisdiction because "federal civil rights statu[t]es," the "privacy act," and her "civil liberties" have been violated. (*Id.* at 2–4.)

On August 17, 2018, I dismissed the second amended complaint for failure to state a claim because she did not name any federal officials who could be held liable under *Bivens* and

---

[2] While her appeal was pending, the plaintiff filed an amended complaint on May 4, 2018. (ECF No. 9.) In the plaintiff's 102-page amended complaint, she named four private individual defendants (*id.* at 3–4), whom she labels "agents" and describes feelings of being "watched" and that individuals around her had private information about her (*see id.* at 7–9).

did not identify constitutional rights that were violated. (ECF No. 14.) In that Order, I directed the plaintiff to file an amended complaint naming individual federal officials, specifying the violations of constitutional rights, and alleging facts to support her claims. (*Id.* at 6–7.) On August 27, 2018, the plaintiff filed a letter seeking to bring to the Court's attention "proof[] and evidence[] of unlawful and fraudulent actions" that she has identified in her previous filings. (ECF No. 15.) She explained that she could not recall each instance of alleged "unlawful interviews and unofficial questionings done by FBI agents," and questioned this Court's "neutral position." (*Id.*) On September 19, 2018, I issued an order acknowledging receipt of the plaintiff's letter and extended the deadline to file an amended complaint to October 22, 2018.

On October 24, 2018,[3] two days after the deadline for filing, the Court received the plaintiff's third amended complaint, which names the same defendants as the second amended complaint. It includes no factual allegations, and refers the Court to the first and second amended complaints. (ECF No. 17 at 1–4.) The filing—which includes only two substantive pages—lays out the procedural history of the action and seeks "immediate consideration of [this] lawsuit" and review of the filings to date. (*Id.* at 7.) The plaintiff also advises that she has sent the filing to the United States Department of Justice so that it can "supervise" this case. (*Id.*) The purported third amended complaint is untimely, does not cure the deficiencies discussed in the Court's August 17, 2018 Order, and includes no factual allegations.

Because a *pro se* litigant's papers should be interpreted "to raise the strongest arguments that they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quotation marks and citation omitted), I interpret the plaintiff's request that I review her prior filings as a motion for reconsideration of the August 17, 2018 Order. *See Fischer v. Talco Trucking, Inc.*, No. 07–

---

[3] Although the plaintiff signed the filing on October 22, 2018, it was not mailed until October 23, 2018, and the Court did not receive it until October 24, 2018.

CV–4564, 2010 WL 409104, at *1 (E.D.N.Y. Jan. 27, 2010) (interpreting a *pro se* plaintiff's motion to "restore the calendar" as a motion for reconsideration); *Sher v. Bonocci*, No. 13–CV–6168, 2017 WL 6397715, at *1 (W.D.N.Y. Dec. 15, 2017) (interpreting a *pro se* plaintiff's letter as a motion for reconsideration).

## DISCUSSION

Under Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, No. 16–CV–2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from final judgment for "any other reason that justifies relief" not already mentioned in Rule 60(b)(1) through (5). "[T]he standard for granting Fed. R. Civ. P. 60(b)(6) motions is strict, and requires [the moving party] to demonstrate 'extraordinary circumstances' to justify relief." *King v. People of the State of New York*, No. 11-CV-3810, 2016 WL 1056566, at *2 (E.D.N.Y. Mar. 16, 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "A motion for reconsideration

4

should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).

The plaintiff does not identify the specific facts or arguments that she wants me to review and instead asks that I review the facts "mentioned through[h]out the filing period of the lawsuit," including prior complaints, and "legal notes and attachments." (ECF No. 17 at 7.) I have reviewed the plaintiff's prior submissions; the plaintiff has not identified any intervening law, new evidence, or the need to prevent manifest injustice. I find no reason to reconsider my earlier decision, and deny the plaintiff's motion.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
November 2, 2018

5